UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMMY WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>    Defendant. | Case No. C04-5796RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 7, 2006 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on defendant's motion for summary judgment (Dkt. #24) and plaintiff's failure to respond or file any opposition to the motion. After reviewing defendant's motion and the balance of the record, the undersigned recommends that the Court grant summary judgment in favor of defendant and dismiss plaintiff's complaint and causes of action.

FACTUAL BACKGROUND

On December 30, 2005, Plaintiff submitted a pro se civil rights lawsuit under 42 U.S.C. § 1983, naming Joseph Lehman, Secretary of the Department of Corrections (DOC), as a Defendant. (Dkt. #1). In his Complaint Mr. Wright claims that he was unlawfully detained by defendant past his earned early release date ("EERD"). Complaint at 2. According to the Complaint, Mr. Wright was a

REPORT AND RECOMMENDATION - 1

1  Washington State DOC prisoner from May 23, 2000 until his release on October 8, 2004. Id. at 2, ¶
2  1. Plaintiff alleges he was unlawfully detained past his earned early release date ("EERD") of
3  February 5, 2003.

4  Defendant moves for summary judgment arguing the following: (1) Plaintiff has no legal
5  entitlement to be released prior to the expiration of his maximum sentence; (2) Plaintiff's claims are
6  barred by the Favorable Termination doctrine; (3) Defendant is entitled to dismissal because he lacks
7  personal participation in the acts alleged; (4) Plaintiff's claims are barred by the Eleventh
8  Amendment; (5) Plaintiff has no liberty interest in early release; and (6) Defendant is entitled to
9  qualified immunity.

10  After carefully reviewing the matter the undersigned finds defendant has provided sufficient
11  facts and argument and plaintiff has failed to file any opposition to the motion to challenge
12  defendant's request.  Accordingly, the court should find there is no genuine issue of material fact
13  that would prevent the court from granting summary judgment in favor of defendant.

## DISCUSSION

A summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed.R.Civ.P. 56(c) and (e). To deny a motion for summary judgment, the court need conclude only that a result other than that proposed by the moving party is possible under the facts and applicable law. Aronsen v. Crown Zellerbach, 662 F.2d 584, 591 (9th Cir. 1981), cert. denied, 459 U.S. 1200 (1983). When a motion for summary judgment is made and supported as provided in Fed.R.Civ.P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Id.

The standard provided by Rule 56 requires not only that there be some alleged factual

REPORT AND RECOMMENDATION - 2

disputes between the parties, but also that there be genuine issues of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. <u>Id</u>. Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. <u>Swayze v. United States</u>, 785 F.2d 715, 717 (9th Cir. 1986)(citing Fed.R.Civ.P. 56(c)); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 816 n.26 (1982).

Here, Mr. Wright has failed to file any opposition to defendant's motion for summary judgment. Mr. Wright was notified of the consequences of failing to file any opposition to such a dispositive motion in the court' order direction service of the complaint. *See* Dkt. # 6. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part:

> If a party fails to file the papers in opposition to a motion, such failure may be considered by the court <u>as an admission that the motion has merit</u>.

(Emphasis added). Plaintiff's failure to respond to the merits of defendants' motion is deemed by the court to be an admission that the motion has merit.

After reviewing the merits of the complaint, the court further finds that plaintiff's allegations based on his EERD do not present a cognizable claim. A prison inmate has no constitutional right to release before expiration of his or her sentence. <u>Greenholtz v. Inmates of Nebraska</u>, 442 U.S. 1 (1979). Washington State appellate courts recognized an independent state created interest in amassing early release credits. <u>In Re Galvez</u>, 79 Wn. App 655 (1995). The Washington State Court of Appeals, Division 1, found there to be a "limited liberty interest" in earned early release credit which requires minimal due process. <u>In re Crowder</u>, 97 Wn. App. 598 (1999). In <u>Dutcher</u> the same appellate court emphasized it was proceeding under RAP 16.4, which did not require a finding of a constitutional violation but rather only a finding of unlawful restraint under state law. <u>Dutcher</u>, supra at p. 758 (fn. 3 and 4, *citing* <u>In re Cashaw</u>, 123 Wn. 2d 138 (1994)). The plaintiff in <u>Cashaw</u>

REPORT AND RECOMMENDATION - 3

filed a personal restraint petition (PRP) which challenged the actions of the Indeterminate Sentence Review Board in setting his minimum prison term to coincide with the remainder of his court-imposed maximum sentence. The Court of Appeals granted the "PRP after concluding the Board's failure to follow its own procedural rules violated Cashaw's due process rights." Cashaw, supra, at p. 140. While the Washington Supreme Court affirmed the grant of the PRP, it did so on the ground that "an inmate may be entitled to relief solely upon showing the Board set a minimum term in violation of a statute or regulation." Cashaw at p. 140. The Washington Supreme Court disagreed, however, with the Court of Appeals and found "that no due process liberty interest was created here, for the Board's regulations imposed only procedural, not substantive, requirements." Cashaw at p. 140. The state court affirmed the notion that "procedural laws do not create liberty interests; only substantive laws can create these interests." Cashaw, supra at p. 145. The Washington State Supreme Court in Cashaw was careful to grant relief only on state grounds. Indeed, the State Supreme Court in Cashaw analyzed what is needed to find a state created liberty interest and found no due process violation in that case. The court stated:

> Liberty interests may arise from either of two sources, the due process clause and state laws. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The due process clause of the federal constitution does not, of its own force, create a liberty interest under the facts of this case for it is well settled that an inmate does not have a liberty interest in being released prior to serving the full maximum sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); Ayers, 105 Wash.2d at 164-66, 713 P.2d 88; Powell, 117 Wash.2d at 202-03, 814 P.2d 635.
>
> However, as indicated above, state statutes or regulations can create due process liberty interests where none would have otherwise existed. See Hewitt, 459 U.S. at 469, 103 S.Ct. at 870; Toussaint, 801 F.2d at 1089; Powell, 117 Wash.2d at 202-03, 814 P.2d 635. By enacting a law that places substantive limits on official decision making, the State can create an expectation that the law will be followed, and this expectation can rise to the level of a protected liberty interest. See Toussaint, 801 F.2d at 1094.
>
> For a state law to create a liberty interest, it must contain "substantive predicates" to the exercise of discretion and "**specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow**". Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989); Swenson v. Trickey, 995 F.2d 132, 134 (8th Cir.), cert. denied, 510 U.S. 999, 114 S.Ct. 568, 126 L.Ed.2d 468

REPORT AND RECOMMENDATION - 4

(1993).  **Thus, laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot.**

In Re Cashaw, 123 Wn 2d at 144 (emphasis added).

The Department of Corrections has been mandated by state statute to implement a system that allows for the possibility of early release.  For some inmates their release is automatic when they reach their earned early release date because they have no supervision following incarceration.  Inmates who were sentenced to community placement or community custody, cannot earn this reduction in sentence.  Instead, they earn a possibility of being placed on community placement or community custody at the discretion of the Department of Corrections.  Their release is not automatic.

In Dutcher, the Court of Appeals proceeded pursuant to RAP 16.4 (Personal Restraint Petition - Grounds for Remedy).  The court used a standard of review which did not require the finding of a constitutional violation.  The ruling in Dutcher that the department must follow the state statutory system and consider plans on the merits does not equate to a finding of a state created liberty interest in release and the holding in Dutcher did not eliminate the departments' discretion.

In 1995 the United States Supreme Court examined the methodology used to determine if state laws or regulations created liberty interests in a prison context and the Court adopted a new approach.  Sandin v. Conners, 515 U.S. 472 (1995).  The decision in Sandin was a reaction to the practice of combing state regulations for mandatory language to find liberty interests.  The refusal to investigate a proposed plan does not lead to violation of a constitutionally protected right.  There is no change in the incidents of normal prison life and the inmate is held until the expiration of his sentence.  Accordingly, Mr. Wright's claims based on the allegation that his civil rights were violated with the was not released on or near his EERD are without merit.

## CONCLUSION

For the reasons outlined above the undersigned recommends **granting** defendant's motion for summary judgment (Dkt. # 24) and dismiss plaintiff's complaint and causes of action.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten

REPORT AND RECOMMENDATION - 5

1  (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file
2  objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S.
3  140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter
4  for consideration on **April 7, 2006**, as noted in the caption.

5      DATED this 20th day of March, 2006.

                                            */s/ J. Kelley Arnold*
7                                           J. Kelley Arnold
                                            United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 6